IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATY TISCARENO<br>624 Iowa Avenue<br>Holton, KS 66436<br>individually and on<br>behalf of all similarly-situated,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>BIMBO BAKERIES USA, INC.<br>255 Business Center Drive<br>Horsham, PA 19044<br><br>　　　　　Defendant. | CIVIL ACTION<br><br>NO. _____<br><br>COLLECTIVE<br>ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

## INTRODUCTION

1. Plaintiff Katy Tiscareno brings this collective action on behalf of herself and all similarly-situated production employees at Defendant Bimbo Bakeries USA, Inc.'s, United States production facilities ("Plaintiffs"). Defendant deprived Plaintiffs of their proper earnings by requiring them to don and doff special equipment which was integral and indispensable to job-related functions, but not paying them for the time spent donning and doffing this equipment.

2. Defendant violated and continues to violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, ("FLSA").

3. Plaintiffs seek unpaid wages, liquidated damages, and attorney's fees and costs against Defendant for its unlawful, knowing, and willful actions pursuant to the FLSA.

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.*, (the FLSA).

1

5. Venue is proper in this District Court pursuant to 29 U.S.C. § 1391(b)(1)-(2) as Defendant has its headquarters within this district, and wage-and-hour and pay practices forming the basis of this action are believed to have been approved at Defendant's headquarters in this district.

## PARTIES

6. Plaintiff Katy Tiscareno worked as a production employee at Defendant's bakery in Topeka, Kansas, until May 2016. Ms. Tiscareno has consented to be a party plaintiff to the FLSA claim in this action pursuant to 29 U.S.C. § 216(b). Ms. Tiscareno's consent is attached to this Complaint.

7. Defendant Bimbo Bakeries USA, Inc., is a Delaware corporation with a principal place of business in Horsham, Montgomery County, Pennsylvania. Defendant is engaged principally in the business of making and distributing baked goods.

8. Defendant Bimbo Bakeries USA, Inc., constitutes an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA because its annual gross volume of sales exceeds $500,000 in business and its employees, including Plaintiffs, handle and sell goods that have been moved in or produced for commerce, such as, *inter alia*, baked goods.

## FLSA COLLECTIVE ACTION ALLEGATIONS

9. Plaintiff brings this case as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of herself and other similarly situated individuals, consisting of:

> All persons who currently work or who have worked as hourly plant workers for Defendant at bakeries in the United States at any time from three years prior to the filing of this action through the entry of judgment in this action (the "FLSA Collective").

2

10. The FLSA Collective is believed to consist of at least several thousand similarly-situated employees who, during their employment by and work for Defendant, fell into the category of non-exempt, non–managerial employees who were employed and worked as plant workers. These employees have been the victims of Defendant's common policy and practice of failing to pay for time spent donning and doffing equipment before and after each shift, and accordingly failing to pay overtime in violation of the FLSA in instances in which these employees worked in excess of forty hours per week, inclusive of the donning and doffing time.

11. Defendant's unlawful conduct has been willful, and has caused significant damage to Plaintiff and the FLSA Collective.

12. The FLSA Collective would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. The members of the FLSA collective are known to Defendant and are readily identifiable and locatable through Defendant's records. These similarly situated employees should be notified of and allowed to opt in to this action pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

13. Plaintiff and the FLSA Collective were and/or are bakery plant workers at Defendant's United States bakeries.

14. Plaintiff and the FLSA Collective were paid on an hourly basis.

15. Before the beginning of each shift, Plaintiff and workers like her were required to show up at the bakery plant, and proceed to a locker room area.

16. In the locker room area, Plaintiff and employees like her were required to take their street clothes off, and don a uniform assigned by Bimbo.

17. Plaintiff and employees like her were also required to put on steel-toed shoes, which were assigned by Bimbo and which employees could not take home with them.

18. Plaintiff and employees like her also had to don ear plugs, a hair net, and a bump hat, and to retrieve safety glasses.

19. Conservatively, the process takes up to fifteen minutes.

20. Only then were Plaintiff and employees like her able to clock in, and start receiving pay.

21. After finishing their shifts, Plaintiff and employees like her were required to first clock out, and then return to the locker room area to remove all of the equipment they had put on, and change back into their street clothes.

22. Plaintiff and employees like her were likewise not paid for this doffing time, which conservatively took up to fifteen minutes.

23. Plaintiff and employees like her regularly worked in excess of forty hours per week.

24. Because of Defendant's failure to record and pay for all time worked, the Plaintiffs have suffered and continue to suffer a loss of income.

25. On information and belief, Defendant's donning and doffing pay practices are the same at every one of Defendant's bakery plants throughout the United States, and these policies emanated from and were controlled from Defendant's headquarters in Horsham, Pennsylvania.

## COUNT I

### (Fair Labor Standards Act – Unpaid Overtime Wages)

26. Plaintiffs repeat the allegations of paragraphs 1 through 25 as if fully set forth in this paragraph.

27. Defendant is an "employer" within the meaning of 29 U.S.C. §§ 203(c) and 206(a).

28. Plaintiff and the members of the FLSA Collective were or are "employees" within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

29. At all relevant times, Defendant had the power to hire and fire Plaintiff and the members of the FLSA Collective, to control their terms and conditions of employment, and to determine timekeeping methods.

30. Defendant suffered and/or permitted Plaintiff and the members of the FLSA Collective to perform work to Defendant's benefit in excess of 40 hours per week.

31. Defendant failed to compensate Plaintiff and other members of the FLSA Collective for all time worked.

32. Defendant's actions were willful.

33. As a result of Defendant's willful violations of the FLSA, Plaintiff and the FLSA Collective suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, as well as liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b). Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to the FLSA, 29 U.S.C. § 255(a).

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff Katy Tiscareno, on her behalf and on behalf of the FLSA Collective, prays for the following relief:

(a) an order certifying the case as a collective action for the violations of the FLSA, as it pertains to Count I under the FLSA, 29 U.S.C. § 216(b) for the employees described herein;

(b) Designation of the named Plaintiff as the representative of the FLSA Collective and designating Plaintiff's counsel as counsel for the FLSA collective;

(c) Notice issued at the earliest possible time to all members of the FLSA Collective who were employed by Defendant during the three years immediately preceding the filing of this action. This notice should inform the recipients that this action has been filed. It should describe the nature of the action, explain the recipients' right to opt in to this lawsuit, and enable them to opt in without difficulty;

(d) An award to Plaintiff and the FLSA Collective unpaid overtime wages, liquidated damages, pre-and post-judgment interest, and attorneys' fees and costs under the FLSA.

(e) An award of such further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to RULE 38(b) of the FEDERAL RULES OF CIVIL PROCEDURE, Plaintiff demands a trial by jury in this action.

LAW OFFICE OF ALICE W. BALLARD, P.C.

By: */s/ Alice W. Ballard*

ALICE W. BALLARD, ESQUIRE
123 S. Broad Street, Suite 2135
Philadelphia, PA 19109
(215) 893-9708
awballard@awballard.com
Attorney ID # 20633

and

KEENAN & BHATIA, LLC
Sonal Bhatia, Esquire
Edward (E.E.) Keenan, Esquire
*pro hac vice* forthcoming
1301 Oak Street, Suite 510
Kansas City, MO 64106
(816) 809-2100
sonal@keenanfirm.com
ee@keenanfirm.com

ATTORNEYS FOR PLAINTIFF
